STANDISH PIPE LINE CO. et al. v. OKMULGEE COUNTY EXCISE BOARD.

No. 33520.   March 15, 1949.

*203 P. 2d 887.*

Mastin Geschwind, of Oklahoma City, for plaintiffs in error.

Richard A. Hays, Co. Atty., Robert R. Beidleman, Asst. Co. Atty., and L. L. Cowley, for Board of Education, all of Okmulgee, for defendant in error.

ARNOLD, V. C. J. This appeal seeks to reverse the judgment of the Court of Tax Review denying protests against a levy of one (1) mill on all property of the county for building fund purposes of separate schools in Okmulgee county, which levy was made by the county excise board upon certification of the need therefor by governing school boards in accordance with the provisions set forth in the Constitution, article 10, sec. 9, as amended by State Question No. 316, Initiative Petition No. 226, adopted at the General Election November 5, 1946. The pertinent portion reads:

"No ad valorem tax shall be levied for State purposes, nor shall any part of the proceeds of any ad valorem tax levy upon any kind of property in this State be used for State purposes; provided however, any County of the State may make an additional ad valorem levy, not exceeding two (2) mills on the dollar valuation, on any property within the county, for separate schools for white and negro children, such aid or money raised therefor to be apportioned as provided by law, provided, further, that upon certification of the need therefor by the governing board, an additional levy of not to exceed one (1) mill on the dollar valuation on any property within the county shall be levied by the excise board, the proceeds derived therefrom to be used exclusively for the acquisition of sites and erection of buildings for separate schools for white and negro children."

Protestants contend that a levy for separate school building purposes is void unless itemized and published as required by statute.

Protestee contends that the method of providing for the acquisition of sites and erection of buildings for separate schools as set forth in article 10, sec. 9, supra, is a grant of power to the governing school boards and the county excise boards with a limitation only as to the amount of levy; that when the governing board certifies the need for such a levy within the constitutional limitation and for the purposes stated, it is the mandatory duty of the excise board to make a levy; that no further itemization is necessary and the general statutes regarding publication of estimated needs do not apply and no public notification is necessary.

In view of the fact that there is no language in article .10, sec. 9, of the Constitution, as amended, which would indicate that the provisions of law regarding itemization of estimated needs and notification are applicable and the plain import of the language thereof indicating the intention to invest the governing school boards and county excise boards with full power and discretion in the matter of levies for acquisition of sites and erection of buildings for separate schools for white and negro children, we must, and do, conclude that certification of the need by such governing boards, without itemization and notice, casts upon the excise board the mandatory duty of making a levy for such purposes within the constitutional limitation of one (1) mill.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., dissents.